J-S19035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| LAMONT GIST, | : | |
| Appellant | : | No. 2620 EDA 2014 |

Appeal from the PCRA Order entered on August 27, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No. CP-51-CR-1004651-1996

BEFORE: STABILE, JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED APRIL 15, 2015**

Lamont Gist ("Gist"), *pro se*, appeals from the Order dismissing his third Petition filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In August 1996, Gist shot and killed one man, and injured another,[1] while they were gambling in a parking lot in Philadelphia. One year later, a jury found Gist guilty of first-degree murder, aggravated assault and possession of an instrument of crime. The trial court sentenced Gist to life in prison. This Court affirmed the judgment of sentence, after which the Supreme Court of Pennsylvania denied allowance of appeal. ***See*** ***Commonwealth v. Gist***, 739 A.2d 586 (Pa. Super. 1999) (unpublished

---

[1] The injured man, Brian Johnston ("Johnston"), testified against Gist at trial and identified him as the shooter.

memorandum), *appeal denied*, **Commonwealth v. Gist**, 742 A.2d 168 (Pa. 1999).

In January 2000, Gist filed a PCRA Petition. Subsequently, he retained new counsel, who filed an Amended PCRA Petition. The PCRA court denied the Petition. Gist did not file an appeal. Gist filed a second PCRA Petition in July 2002, seeking the reinstatement of his right to appeal the dismissal of his first PCRA Petition. Although the PCRA court reinstated Gist's appeal rights, in September 2004, this Court quashed the appeal, determining that Gist's Petitions were untimely filed. **See Commonwealth v. Gist**, 863 A.2d 1222 (Pa. Super. 2004) (unpublished memorandum). The Supreme Court of Pennsylvania subsequently denied allowance of appeal. **See Commonwealth v. Gist**, 871 A.2d 188 (Pa. 2005).

On March 7, 2014, Gist filed the instant *pro se* PCRA Petition. Subsequently, the PCRA court gave Gist Notice, pursuant to Pa.R.Crim.P. 907, of its intention to dismiss his PCRA Petition without a hearing, concluding that the Petition was not timely filed, and Gist had not proven any of the three exceptions to the PCRA's one-year jurisdictional time-bar.[2] Shortly thereafter, Gist filed a Response to the court's Rule 907 Notice. By an Order entered on August 27, 2014, the PCRA court dismissed Gist's Petition. Gist timely filed a *pro se* Notice of Appeal.

On appeal, Gist presents the following issues for our review:

---

[2] **See** 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

1. Did [Gist] exercise diligence in ascertaining (*i.e.* discovering) the facts upon which [his] claims are predicated?

2. Did the PCRA court commit error by refusing to allow [Gist] to proceed upon the merits of the claims?

3. Was the failure to raise [Gist's] claims previously the result of interference by government officials with presentation of the claims?

Brief for Appellant at 3 (issues renumbered).

We begin by noting our well-settled standard of review: "In reviewing the [dismissal] of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted).

Under the PCRA, any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Gist concedes that his PCRA Petition is facially untimely, as it was filed over thirteen years after his judgment of sentence became final in November 1999. However, according to Gist, he has met the requirements of two of the PCRA's timeliness exceptions: the governmental interference exception and the newly discovered facts exception, set forth, respectively, in 42

- 3 -

Pa.C.S.A. § 9545(b)(1)(i) and (ii) (providing that an untimely PCRA petition may be considered timely if a petitioner alleges and proves (i) governmental interference with the presentation of his claims; or (ii) discovery of previously unknown facts which could not have been discovered earlier with due diligence). *See* Brief for Appellant at 7-9.

In his first and second issues,[3] Gist contends that he met the newly discovered facts exception based upon new information, which he had allegedly discovered for the first time within sixty days of the filing of his third PCRA Petition. *See id.* at 6-8. Specifically, Gist maintains that in January 2014, he learned from a friend that one of the Commonwealth's witnesses at trial, Kadir Greene, had committed perjury by testifying under a false identity and providing a false first name.[4] *Id.* at 6. According to Gist, this evidence reveals that Kadir Greene's first name is, in fact, Clarence. *Id.*

This Court has stated as follows concerning the newly discovered facts exception:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due

---

[3] Gist's second issue largely repeats the claims presented in his first issue. Therefore, we will address these issues simultaneously.

[4] We explain in detail below the specific evidence concerning Kadir Greene upon which Gist relies. Additionally, this Court explained the relevant testimony of Kadir Greene in its Memorandum on direct appeal. *See Gist*, 739 A.2d 586 (unpublished memorandum at 4) (stating that Kadir Greene testified to an incident that had occurred two weeks before the shooting, wherein Gist had "pistol whipped" Johnston and pointed a gun at the murder victim).

diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

***Commonwealth v. Brown***, 2015 PA Super 24, *10 (Pa. Super. 2015)

(citations and quotation marks omitted).

In its Pa.R.A.P. 1925(a) Opinion, the PCRA court explained the evidence upon which Gist relies, and addressed Gist's claims as follows:

> The evidence proffered by [Gist] consists of two exhibits [attached to his third PCRA Petition]: Exhibit A, which includes a portion of [Gist's] trial transcript in which a witness identified as "Kadir Greene" is sworn in to testify, as well as a four[-]page "Investigation Interview Record" purportedly memorializing an interview conducted by Philadelphia Police Officers of one "Kadir Greene," who states that he is also known by the nickname "CC." Exhibit B contains a two-page printout from a website that appears to list a "Clarence Greene" as the owner of two houses in Philadelphia, and [a] screenshot of what appears to be a December 19, 2012, comment thread from the website Facebook, in which a woman sends the message "Clarence where have you been?" to an account with the username "C.c. Greene." [Gist] claimed that these exhibits, taken together, proved that one of the witnesses at his trial testified under a false identity. As a result, [Gist] claims that his conviction was obtained by perjury, that his due process rights were violated by prosecutors because they failed to notify him of the alleged perjury, and that his counsel was ineffective for failing to discover the alleged perjury.
>
> [Gist's] exhibits were insufficient for the purpose of pleading or proving [newly]-discovered [facts] for two reasons: First, as a threshold matter, the proffered exhibits failed to prove any facts relevant to this case, much less perjury. The fact that a witness named "Kadir Greene" was interviewed by Police and testified at [Gist's] trial, coupled with a webpage printout alleging that a person named "Clarence Greene" lives in Philadelphia[,] and a Facebook comment in which a user named

- 5 -

"C.c. Greene" is referenced by another user as "Clarence," proved nothing, other than the existence of a vast and limitless internet. In sum, this purported evidence did not support [Gist's] claim that a witness committed perjury at his trial.

Second, and more importantly, [Gist] failed to explain why, with the exercise of due diligence, this purported evidence could not have been ascertained much earlier in the intervening years since his conviction became final, or at trial, where the witness in question was subject to cross-examination. The trial testimony of Kadir Greene and the police notes of his interview have been available to [Gist] for over a decade, and the Facebook comment upon which [Gist] bases his claim is dated over a year before the instant [PCRA P]etition was filed.

PCRA Court Opinion, 9/23/14, at 4-5 (unnumbered). Our review confirms that the PCRA court's cogent analysis is supported by the record and the law, and we agree with the court's determination that Gist failed to meet the newly discovered facts exception.[5]

Next, Gist argues that he has met the requirements of the governmental interference exception, asserting that the Commonwealth violated his rights under **Brady v. Maryland**, 373 U.S. 83 (1963), by allegedly withholding from the defense the fact that Kadir Greene's legal first name is Clarence. **See** Brief for Appellant at 8-9; **see also Commonwealth v. Williams**, 105 A.3d 1234, 1240 (Pa. 2014) (observing

---

[5] To the extent that Gist alleged in his PCRA Petition that his trial counsel was ineffective for failing to discover the alleged perjury committed by Greene, Gist does not raise this argument on appeal. Nevertheless, even if Gist had argued this claim on appeal, we note that it would not save his otherwise untimely PCRA Petition. **See Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 785 (Pa. 2000) (stating that "a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." (citation omitted)).

- 6 -

that a **Brady** violation may fall within the governmental interference exception if the requirements of the exception are met). We disagree.

Even assuming, *arguendo*, that Kadir Greene's first name is Clarence, Gist has not proffered any evidence in support of his bald claim that the Commonwealth possessed this information, let alone withheld it from him.

Furthermore, Gist has failed to establish a **Brady** violation. "[T]here is no **Brady** violation when the appellant knew, or with reasonable diligence, could have uncovered the evidence in question." **Commonwealth v. Bomar**, 104 A.3d 1179, 1190 (Pa. 2014) (citation and brackets omitted). Here, Gist has failed to explain why he could not have discovered Greene's legal first name earlier, with the exercise of due diligence. However, even if Gist had uncovered and presented this evidence sooner, he fails to establish a **Brady** violation because the evidence was not material. **See id.** at 1189 (setting forth the requirements to establish a **Brady** violation, including a showing that "the undisclosed evidence must be material to guilt or punishment." (citation and quotation marks omitted)); **see also Commonwealth v. Chambers**, 807 A.2d 872, 887 (Pa. 2002) (stating that "[e]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." (citation omitted)). Even if Gist had known prior to trial that Greene was using a first name different from his legal name, at most, Gist's counsel could have used this in an attempt to impeach Greene's

- 7 -

credibility.[6]  However, we determine that this would not have altered the outcome of the trial, particularly in light of the other significant evidence of Gist's guilt, including Johnston's testimony.

Based upon the foregoing, we conclude that Gist did not meet any of the exceptions to the PCRA's time bar.  Therefore, the PCRA court properly dismissed Gist's third PCRA Petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/2015

---

[6] Moreover, unlike Johnston, Greene was not an eyewitness to the shooting. Rather, he testified to the "bad blood" between Gist and the victims.